UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CURTIS LAUDERDALE, :
:
                Plaintiff, :
:
      -against- :
:
CITY OF NEW YORK, et al., :
:
                Defendants. :
------------------------------------------------------------- x

**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT**

06 Civ. 13184 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

     Plaintiff Curtis Lauderdale, proceeding pro se, brought this action against Defendants City of New York, Commissioner Raymond Kelly, and Police Officer Robert Jackson on November 14, 2006, and filed an amended complaint on March 14, 2007. Plaintiff alleged, inter alia, false arrest and malicious prosecution claims. Three other defendants were dismissed from the case by my Order of January 8, 2008.

     **I.**     **Facts**

     On March 6, 2009, the remaining defendants offered Plaintiff $300 to settle the case. Plaintiff did not respond to the offer before the initial conference, held on March 13, 2009. At the initial conference, Defendants again offered Plaintiff $300 to settle. Conf. Tr. Mar. 13, 2009, at 7. After I explained the implications of such an offer, Plaintiff stated that he would not "accept that [offer] at this point," and then asked for $3,000 to settle the case. Id. After counsel for Defendants expressed a willingness to negotiate, Plaintiff asked for $1,000. Id. at 8. Defendants obtained authority to meet this demand and agreed to settle the case for $1,000. Id. at 9. Defendants stated that they would send Plaintiff the proper paperwork. Plaintiff confirmed the settlement agreement:

1

> THE COURT: We're going to mark this settled right now. There's a reporter taking it down so it is hereby stipulated and agreed between the plaintiff and counsel for all remaining defendants that upon the payment of a thousand dollars by the City in exchange for releases and a stipulation of dismissal signed by Mr. Lauderdale, this case is settled. Right, Mr. Lauderdale?
>
> MR. LAUDERDALE: Yes, it is, sir.

Id.

Subsequently, Defendants mailed Plaintiff the necessary settlement paperwork. Plaintiff, however, failed to complete the paperwork, and wrote a letter to Defendants, on May 14, 2009, demanding $1,000,000 and stating that he would negotiate based on that figure. Defendants made the present motion on May 26, 2009. Plaintiff also wrote a letter on May 28, 2009, forwarded to me, asking for $50,000 to settle the case. Plaintiff failed to offer any other opposition to Defendants' motion.

In the present motion, Defendants seek the enforcement of the settlement agreement reached at the initial conference held on March 13, 2009. For the reasons discussed below, I grant the motion and order the enforcement of the $1,000 settlement agreement reached at the initial conference.

## II. Discussion

"[A] voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed, as contemplated by Fed. R. Civ. P. 41(a)." Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO, 402 F.3d 314, 318 (2d Cir. 2005) (per curiam). Therefore, an oral settlement agreement reached in open court "remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms are reduced to writing." Powell v. Omnicom, 497

2

F.3d 124, 129 (2d Cir. 2007). The fact that Plaintiff proceeded pro se does not diminish the enforceability of the oral settlement agreement. See Wesley v. Correction Officer Badge # 9417, 06 Civ. 5912 (HB), 2008 U.S. Dist. LEXIS at *10 (enforcing a pro se plaintiff's oral agreement, via teleconference, to settle) (citing Willgerodt v. Hohri, 953 F. Supp. 557, 560 (S.D.N.Y. 1997)). A court should consider four factors, none of which is decisive, in assessing whether to enforce such a settlement agreement: "(1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 323 (2d Cir. 1997); see Jackson v. Heidelberg L.L.C., No. 06-4790-cv, 2008 U.S. App. LEXIS 22503 (2d Cir. Sept. 16, 2008).

I find that the parties reached an enforceable settlement agreement in the initial conference on March 13, 2009. There is no question that the conference was in open court or that the parties' assents were voluntary. See Powell, 497 F.3d at 131 (holding that the "open court" requirement is satisfied if proceeding is on the record). As shown above, Plaintiff expressly agreed to the terms of the settlement agreement and confirmed his assent. Conf. Tr. Mar. 13, 2009, at 9. Applying the Ciaramella factors, I observe that neither party reserved the right not to be bound if the parties did not produce a writing, and that the parties represented that they had agreed on all terms of the settlement and that nothing remained outstanding, aside from ensuring that one of the defendants, Retired Police Officer Washington Hernandez, was properly served by

3

Plaintiff and that Plaintiff received the proper settlement paperwork from Defendants. Id. at 5-9. Moreover, the terms of the agreement are not so complex that the parties would not likely have intended to bind themselves orally. See Jackson, 2008 U.S. App. LEXIS 22503, at *5-*6. Therefore, I find that the agreement was clear, explicit, and unqualified, and hold that it is enforceable. See Role, 402 F.3d at 318.

### III. Conclusion

Accordingly, I grant judgment enforcing the parties' settlement agreement. Plaintiff shall execute the release and other necessary paperwork within sixty days from the date of this Order.

In the event that at the end of those sixty days, Plaintiff has failed to sign and return the release and complete the other necessary paperwork, the case will be dismissed with prejudice. The Clerk shall mark the motion (No. 27) as terminated and close the case.

SO ORDERED.

Dated: New York, New York
August 12, 2009

ALVIN K. HELLERSTEIN
United States District Judge

4